*311 ORDER DENYING PETITION FOR REVIEW
GARY P. SULLIVAN, Chief Justice.
This matter arises from the dismissal of a PETITION seeking a declaration from the Tribal Court that B.R.Y., a Minor Indian Child, is neglected, abused and/or dependent under Title IX CCOJ 2000 § 501. The Petition was filed on November 7, 2003, by Imogene A. DeMarrias, Tribal Prosecutor and was heard on December 9, 2003, The Honorable John D. Christian, presiding. A timely Petition for Review was filed on December 9, 2003, by Tribal Civil Prosecutor Joseph M. Raf-fiani. For the reasons stated below7, the Tribal Court’s dismissal is affirmed.
THE PETITION
The Petition to have the youth declared neglected, abused and/or dependent under § 501[1] alleges that Community Social Worker Merrill Hansen was called to the home of B.R.Y. by the “on-duty” Social Worker Sandi Calk regarding a 10 year old who was in need of placement. Tribal Police Officers informed Hansen that the youth was in need of placement because five (5) intoxicated adults had been arrested in the residence.
Upon arrival at the home, Hansen found the youth asleep on the couch. Tribal Officers on the scene asked Hansen to inspect and “witness” the condition of the home. After finding the larger bedroom clean with the bed made, Hansen proceeded to the other bedrooms. He observed “dirty floors, clothing stacked high on the floors”, “holes in the walls”, “bathroom tub, sink, and toilet (appearing) as if they had never been cleaned”, cockroaches in the kitchen, “food all over the stove, cupboards, floor and table”, “three cases of beer” under the table, food and a bottle of wfoiskey in the refrigerator. Tribal Police Officers photographed the condition of the home.
After failing to find a kinship placement, Hansen placed the youth in a Fort Peck Tribal foster home in Poplar, MT. At *312 tached and incorporated into the Petition were Hansen’s affidavit, the arrest narrative and photos taken by Tribal Officers.
THE TRIBAL COURT’S ORDER OF DISMISSAL
The matter was brought on for a fact finding hearing[2] on December 9, 2003, at which, Hansen, Tribal Civil Prosecutor Joseph M. Raffiani and the biological parents of B.R.Y. appeared. In its order dismissing the Petition, the Tribal Court, after reviewing “the file and recommendations in the form of testimony and written/verbal reports submitted in reference to (the) matter” found that the youth was not abused, neglected, abandoned or dependent under the definitions set forth in Title IX CCOJ 2000 § 102[3].
In support of the Court’s finding, the Court took judicial notice that “untidy and (cockroach) infested” homes were commonplace on the reservation and further, that the parents’ principal witness testified that B.R.Y.’s parents had made arrangements with her to baby sit the youth. The Court also cited the parents’ dosing statement regarding their arrival at the home “just before the arrival of law enforcement”.
*313 THE PETITION FOR REVIEW
In its abbreviated Petition, the Fort Peck Tribes allege that the Tribal Court erred in dismissing the Tribes’ petition because the respondents “present(ed) no evidence to refute the evidence introduced to support the major claims of the Tribes”. The Tribes further allege that returning the youth to the biological parents’ home “would place the child at substantial risk”.
The Tribes’ allegations fail for two reasons. First, the burden of proof in prosecuting a Petition pursuant to § 501 is governed by § 505 which requires that evidence supporting the Petition must be “clear and convincing”. § 505 reads in part: “... (d) Order. If the Court shall find, at the conclusion of the fact-finding hearing, that there is clear and convincing evidence that the youth is abused, neglected, abandoned or dependent, the Court at that time shall determine the proper disposition of the youth under Section 506 of this Title. If clear and convincing evidence does not exist, the petition shall be dismissed and the youth shall be returned to the custody of the parent(s), legal guardian or custodian.” Thus, if the Prosecutor does not present such “clear and convincing” evidence to support the petition, the Court is obliged to dismiss the Petition. § 102m defines “clear and convincing”: “... (m) Clear and Convincing Evidence. The measure or degree of proof which will, produce in the mind of the trier of fact more than a mere preponderance, but not to the extent of such certainty as required by beyond a reasonable doubt.”
Secondly, the Tribal Prosecutor alleges that the parents did not present any rebuttal evidence. However, the Court’s order refutes this allegation by reciting that the “respondents’ principal witness” testified. (See paragraph la, page 1 of the Court’s Order.) Nonetheless, the burden is on the Prosecutor, in the first instance, to present such clear and convincing evidence supporting the allegations. If such evidence is not forthcoming, the respondents are not obliged to present any evidence whatsoever.
This Court will not disturb a Tribal Court factual finding if such findings are supported by substantial evidence. Title II CCOJ 2000 § 202. Nor, in the absence of an abuse of discretion will we disturb a discretionary ruling by the Tribal Court or substitute our judgment for such factual findings. In the Matter of D.R.B. FPCOA #327 (2001). We find no such abuse of discretion here. Judge Christian heard and saw the witnesses and considered the testimony and evidence presented. Based on the testimony and evidence presented, he concluded that the Tribes had not met the requisite burden of proof of clear and convincing. It is not the province of this Court to substitute our judgment for the judgment of the trier of fact.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The Order dismissing the Petition is affirmed.

. Sec. 501. Petitions. Any person who has taken a youth into custody pursuant to Sections 401 and 402 shall, submit to the Tribal Court a petition to have any youth subject to the jurisdiction of the Court declared an abused, neglected, abandoned or dependent youth. Such petition shall include (a) the name, address and telephone number of the petitioner, the youth and, if known, the youth’s parent(s), legal guardian or custodian; (b) the reason(s) why the petitioner believes the youth is abused, neglected, abandoned or dependent; (c) supporting credible evidence, including but not limited to; affidavits, reports or written statements from social workers, law enforcement officers, juvenile officers, other child care professionals, other relatives of the youth or members of the community.

. The Court's order recites that the hearing was held pursuant to Title IX CCOJ § 509. § 509 presupposes an initial hearing, however, the record is unclear as to whether the December 9th hearing was the initial hearing or a review hearing. The full text of § 509 follows:
Sec. 509. Periodic review for abused, neglected, abandoned or dependent youth removed from parent(s), legal custodian or guardian.
Whether or not a petition for return is filed, the Court shall hold a hearing, following the procedures under Section 505 of this Title, to determine if the basis for the original disposition is still in existence. The first hearing after the Order of disposition shall be held ninety (90) days after that Order. Subsequent hearings shall be held every six (6) months. For youth who have been in the same placement for three (3) years or more, the Court in its discretion may extend the review period to one (1) year. If the Court finds that there is no longer clear and convincing evidence that grounds for out of home placement exist, the Court shall order the return of the youth to the parent(s), legal guardian or custodian.

. Sec. 102. Definitions,
(a) Youth. The term Youth shall include a child or minor and shall constitute any Indian person under eighteen (18) years of age.
(b) Abused youth. A youth who has suffered or is likely in the immediate future to suffer serious physical or emotional harm as a result of a parent, guardian or eustodi-an inflicting or failing to make reasonable efforts to prevent the infliction of physical or mental injury upon the youth, including but not limited to excessive corporal punishment or an act of sexual abuse or molestation.
(c) Abandoned youth. A youth whose parent, guardian or custodian is not identifiable, or if known, has made no reasonable efforts to care for or arrange substitute care for the youth for a period of six (6) months or more.
(d) Neglected youth. A youth:
(1) whose parent, guardian or custodian fails to provide the minimal care which a reasonable prudent parent would provide in the same or similar circumstances for the subsistence, education, and welfare of the youth; or
(2) who has special physical or mental conditions for which the youth’s parent, guardian or custodian neglects or refuses to provide a reasonable level of special care; or
(3) whose parent, guardian or custodian is unable to discharge his/her responsibilities to and for the youth because of incarceration, hospitalization, or other physical or mental incapacity.
A youth shall not be deemed neglected if the only reason for failing to provide the minimal care for the youth is the indigence of the parent, guardian or custodian.
(e) Dependent youth. A youth who is homeless or destitute or without proper care and support, through no fault of his/ her parent, legal guardian or custodian.. ..